

**Siegel, Yee, Brunner & Mehta**

ATTORNEYS AT LAW

❖ DAN SIEGEL
❖ ALAN S. YEE
❖ JANE BRUNNER
❖ SONYA Z. MEHTA
❖ EMILYROSE JOHNS
❖ SARA BELADI

OF COUNSEL

❖ ANNE BUTTERFIELD WEILLS

March 14, 2024

Hon. William H. Orrick
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

    Re: *Junior v. Superior Court*, 3:22-cv-07270.

Dear Judge Orrick:

    Plaintiff Arlene Junior respectfully requests that the Court compel defendants Superior Court of the County of Sonoma and Shelly Averill to comply with plaintiff's discovery requests, in accordance with FRCP Rules 26 and 37. We have met and conferred with defendants and reminded them of their obligations under the Federal Rules of Court over the past several months in a protracted good-faith effort resolve the parties' discovery disputes without judicial intervention. Defendants' repeated delays, refusal to produce the requested documents, and refusal to adequately support their assertions of privilege have left us at a gross disadvantage in litigating our client's claims on the merits.

    On June 27, 2023, plaintiff alerted defense counsel to the fact that defendant's initial disclosure statement, governed by General Order 71, stated that sixteen items were disclosed, but that they were not in fact included in defendants' initial production. On October 13, 2023, plaintiff sent defendants a meet-and-confer letter regarding the deficiencies in their initial disclosures and their responses to Plaintiff's Request for Production of Documents, Set One, propounded on May 8, 2023. Defendants' Response to Plaintiff's Request for Production of Documents, Set One, is attached as Exhibit A. That letter highlighted documents that defendant had failed to produce and the inadequacy of their numerous boilerplate objections to plaintiff's requests. Plaintiff's lead counsel, Dan Siegel, met by video with defendants' lead counsel, Corrie Klekowski, on October 17, 2023. On December 8, 2023, we emailed to defendants a draft discovery letter, outlining the outstanding deficiencies in defendants' discovery responses and asked for defendants' contributions. On December 11, 2023, defendants advised us that they intended to produce additional documents and a substantive response to plaintiff's October meet and confer letter. On December 15, defendants provided plaintiffs with a letter response and 161 pages of documents. However, that production did not include many of the outstanding documents. Plaintiffs responded to defendant's letter in a December 28, 2023 letter, and asked defendants to produce outstanding documents by January 8, 2024 to avoid the necessity of seeking judicial intervention. Defendants responded to that letter on January 11, 2024, in which they represented that they would produce additional

Hon. William H. Orrick
March 14, 2024
Page 2

documents and privilege logs. Defendants never produced the privilege logs they promised. Defendant Sonoma County Superior Court produced a supplemental response to Requests for Production, Set Two on January 29, 2024, which contained additional unsupported objections. Defendant's Supplemental Response is attached as Exhibit B. On February 26 and 27, 2024, plaintiff emailed defendants to inquire about the date on which they can expect defendants to produce documents responsive to Request for Production, Set Two and Request for Production No. 21.  Defendant's Response to Plaintiff's Request for Production, Set Two is attached as Exhibit C. Defendants responded as to RFP No. 21 only. On March 7, 2024, Defendants produced documents responsive to Request 21, which asks for "the entire contents of the large file that was left on plaintiff's desk on the day she was terminated, including, but not limited to, notes, documents, accountings and responses related to Margaret Smith's complaints about plaintiff and the investigations of those complaints." Plaintiff was not allowed to collect this or any property in her office when she was escorted out of her office upon notice of termination. Missing among their production responsive to this request are plaintiff's files on the workplace investigations of complaints about her and from her and documentation of a "listening tour" she conducted during her employment. Plaintiff emailed defendants a meet and confer letter on March 13, 2024, which they discussed in-depth via telephone.

Documents responsive to the following requests for production have not been produced: Nos. 20, 67–88.

Production in response to the following requests are clearly incomplete: 3, 17, 21, 28, 40, 43, 57, 66, 77, 82, 87.

We ask the Court to assist in resolving these disputes.

Very truly yours,

Sara Beladi

Hon. William H. Orrick
January 12, 2024
Page 3

**Defendants' Response:**

Plaintiff brings claims against Defendants Sonoma County Superior Court and Judge Shelly Averill for discrimination- and retaliation-based claims associated with her termination from the Sonoma County Superior Court in May of 2022. Plaintiff was terminated after the conclusion of four independent investigations, three of which found she engaged in misconduct, including retaliating against a subordinate for filing a complaint and misrepresenting facts to the Presiding Judge. The fourth found that the two investigations into Plaintiff's retaliatory conduct were not motivated by Plaintiff's race. Plaintiff now seeks information which is entirely irrelevant to her claims, her termination, or to the investigations.

/ / /

1.  The Requests are Plainly Overbroad.

Among other things, Plaintiff now seeks "all email communications" from January 1, 2021 through December 31, 2021, between Plaintiff and various witnesses. These witnesses include Judge Bradford DeMeo (RFP No. 66), Court Services Supervisor Leti Valencia (RFP No. 77), Judicial Services Manager Julie Wilcox (RFP No. 80), and even the Superior Court's outside attorney, Doug Friefeld (RFP No. 88). RFP No. 82, which seeks all email communications between Plaintiff and Director of Information Hema Krishnamurthy, is not limited to 2021; rather, Plaintiff seeks all emails between Plaintiff and the Director of Information—an employee who did participate in the decision to terminate Plaintiff—throughout Plaintiff's entire employment.

These requests are plainly overbroad and seek a wide breadth of irrelevant, private, and privileged information. In particular, RFP No. 88, which seeks all communications between Plaintiff and the court's attorney, explicitly seeks attorney-client privileged information. This request is improper; Plaintiff's communications with the Court's attorney during her employment are not discoverable and should not be produced. *See Upjohn Co. v. U.S.*, 449 U.S. 383, 394 (1981).

Additionally, Plaintiff has not provided any reason for needing "all email communications" with the referenced witnesses, including information irrelevant to whether Plaintiff was terminated based on the results of independent investigations. What's more, Plaintiff rejected Defendant's reasonable and good-faith narrowing of these requests to responsive emails "which discuss Plaintiff's job performance, any complaints against Plaintiff, and the independent investigations related to Plaintiff." Plaintiff has not identified any other categories of emails between Plaintiff and the witnesses

which could have any bearing on this case.  Plaintiff has also not agreed to narrow the request or otherwise provide a written explanation of the requested emails' relevancy, despite Defendant's invitation to do so.

       2.    <u>The Requests Implicate Privacy Rights, With No Explanation of Why These Rights Are Outweighed By Plaintiff's Interest.</u>

The remainder of Plaintiff's requests are similarly overbroad, seeking irrelevant information that is, at times, clearly protected by the individual's right to privacy.  Whether an individual's private information may be disclosed in the discovery process is a "balancing test" which requires weighing factors such as "the purpose of the information sought, the effect that disclosure will have on the parties and on the trial, the nature of the objections urged by the party resisting disclosure, and the ability of the court to make an alternative order which may grant partial disclosure…"  *Dale Evans Parkway 2012, LLC v. Nat'l Fire & Marine Ins. Co.*, 2016 U.S. Dist. LEXIS 187094, 2016 WL 7486606, at *5 (C.D. Cal. Oct. 27, 2016) (quoting *Fortunato v. Superior Court*, 114 Cal.App.4th 475, 480-81 (Cal. Ct. App. 2003)).

Here, Plaintiff seeks information regarding the demotions, promotions, and disciplinary documents of witnesses who were not involved in the decision to terminate Plaintiff's employment.  For example, Plaintiff seeks:

<u>Request No. 67:</u>  Please produce all documentation from Jennifer Campbell's Sonoma County Superior Court personnel file regarding her demotion by plaintiff, from Court Supervisor to Courtroom Clerk, including, but not limited to, the status form reflecting the change in status and the memorandum written by plaintiff.

<u>Request No. 68:</u>  Please produce all email communications between plaintiff and Jennifer Campbell regarding her demotion from Court Supervisor to Courtroom Clerk.

<u>Request No. 69:</u>  Please produce all email communications between plaintiff and Jennifer Campbell regarding her promotion, by plaintiff, from Courtroom Clerk to Court Supervisor.

Plaintiff does not allege she was retaliated against or otherwise discriminated against for effecting these demotions or promotions.  Defendant does not contend this demotion or promotion was improper or otherwise relevant to the case.  Plaintiff has failed to provide any reasoning as to why the above documentation outweighs Jennifer Campbell's right to privacy.

Hon. William H. Orrick
January 12, 2024
Page 5

Similarly, in RFP No. 81, Plaintiff claims she is entitled to "all disciplinary documents in Julie Wilcox' personnel file, issued by former Chief Executive Officer Jose Guillen, including but not limited to those issued for dishonesty and eavesdropping." Julie Wilcox's right to privacy is obviously implicated in this request, and what's more, the request makes clear it seeks documents from before Plaintiff was employed with the Court. Plaintiff has not proposed a narrowed request, or written reasoning as to why Julie Wilcox's privacy interests are outweighed, as requested by Defendant.

RFP No. 72 also seeks "all email communications between plaintiff and Linda Walker regarding Brett O'Rourke's job description, job duties and responsibilities, job performance and/or any complaints regarding his job performance." RFP No. 71 seeks "Linda Walker's notes regarding requests from plaintiff regarding Brett O'Rourke's job description, duties, and responsibilities." Again, Defendant does not contend Plaintiff improperly disciplined Brett O'Rourke, and Plaintiff has not provided any reasoning as to why this information is relevant or outweighs his right to privacy.

3.  The Requests Are Plainly Intended to Harass.

Besides being overbroad and implicating privacy interests, the requests additionally touch on irrelevant subjects apparently for the sole purpose of harassment. For example, RFP Nos. 74-76 seek information regarding "the rodent and rat infestation at the Empire College Annex, Civil Departments 16 and 17," and RFP Nos. 78-79 seeks information regarding "the handling of the complaint that the District Attorney filed against PG&E on or around April 7, 2021." At no point in this litigation—after over 8,000 pages of document production and nine depositions—has either issue come to light. There is simply no colorable reason why these documents would be relevant to Plaintiff's case and, indeed, she has provided none.

4.  Defendant Produced Responsive Documents.

Finally, Plaintiff asserts Defendant has not produced any documents responsive to RFP Nos. Nos. 20 and 67-88. This is inaccurate. Defendant produced all responsive, non-privileged documents located following a diligent search and reasonable inquiry pursuant to its responses to RFP Nos. 20, 73, 77, 80, 82, 83, and 87.

As for Plaintiff's Request for Production, Set One, Plaintiff asserts Defendant's production in response to RFP Nos. 3, 17, 21, 28, 40, 43, and 57 is "clearly incomplete." The parties previously met and conferred regarding these responses, and Defendant has produced all responsive documents within its possession, custody, and control. Plaintiff has not since responded to Defendant's written meet and confer letter, or explained why Defendant's

Hon. William H. Orrick
March 14, 2024
Page 6

production is incomplete.  Defendant is unable to properly respond as a result.

Of note, however, Plaintiff asserts Defendant has not produced all documents responsive to RFP No. 21, which seeks "the entire contents of the large file that was left on plaintiff's desk on the day she was terminated, including, but not limited to, notes, documents, accountings and responses related to Margaret Smith's complaints about plaintiff and the investigations of those complaints." On February 1, 2024, Defendant produced *18 boxes* of documents—and later produced scanned copies—which contained the entirety of the documents Plaintiff left in her office.  As Defendant's counsel has explained to Plaintiff's counsel, upon Plaintiff's departure, court employees boxed every single document located in Plaintiff's office and placed it in one of these 18 boxes.  None of the documents were destroyed, re-organized, or altered in any way other than placing them in boxes.  Defendant maintains photos and videos of Plaintiff's office, both before and after boxing the documents, showing that all the documents were placed in the boxes.  As Defendant has informed Plaintiff, if the documents she claims were left in her office were not in the 18 boxes produced for inspection, they are not within Defendant's possession, custody, or control.

As for RFP No. 70, Defendant was unable to locate any responsive documents following a diligent search and inquiry and, thus, is unable to respond to the request.

We thank the Court for its attention to this matter, and look forward to resolving this dispute.

# EXHIBIT A

1  CORRIE J. KLEKOWSKI (SBN 251338)
   corrie.klekowski@quarles.com
2  **QUARLES & BRADY LLP**
   101 West Broadway, Ninth Floor
3  San Diego, California 92101-8285
   Telephone: 619-237-5200
4  Facsimile: 619-615-0700

5  Attorney for Defendants SUPERIOR COURT OF
   THE STATE OF CALIFORNIA, COUNTY OF
6  SONOMA and SHELLY AVERILL

7

8               **UNITED STATES DISTRICT COURT**

9      **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

10

11 | ARLENE D. JUNIOR, | Case No. 22-cv-07270-WHO |
|---|---|
| Plaintiff, | **DEFENDANT SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)** |
| v. | |
| SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA, and SHELLY AVERILL, | |
| Defendants. | Judge:       Hon. William H. Orrick |
| | Trial Date:  Not Set |

18  PROPOUNDING PARTY:      Plaintiff ARLENE JUNIOR

19  RESPONDING PARTY:       Defendant SUPERIOR COURT OF THE STATE OF

20                          CALIFORNIA, COUNTY OF SONOMA

21  SET NUMBER:             ONE

22       Pursuant to Federal Rule of Civil Procedure 34, Defendant SUPERIOR COURT OF THE

23  STATE OF CALIFORNIA, COUNTY OF SONOMA ("Defendant") provides the following

24  written responses to Plaintiff ARLENE JUNIOR's request for production of documents:

25                     **PRELIMINARY STATEMENT**

26       1.      Nothing herein should be construed as an admission regarding the admissibility,

27  truth, accuracy or relevancy of any document.

28  / / /

2.   Defendant and its attorneys have not completed their discovery or preparation for trial, nor have they concluded their analysis of information gathered to date.  These responses therefore are based upon information presently available to and known by Defendant.

3.   It is possible that future discovery and independent investigation may supply additional facts or information, add meaning to known facts and may establish new factual conclusions and contentions, all of which may lead to additions, changes in, or variations from the responses set forth herein.

4.   These responses are made without prejudice to the right of Defendant to provide supplemental, additional or different responses or evidence at the time of trial.

5.   These responses include only those documents currently within Defendant's possession, custody or control.

6.   Defendant objects to all of Plaintiff's request for production of documents to the extent they call for attorney-client communications and/or attorney work product.  The inclusion of this objection in a specific response does not waive it in those responses in which it is not specifically included because this objection is incorporated into each and every response to Plaintiff's request for production of documents.

Subject to the foregoing general comments and objections, which are incorporated into each response to Plaintiff's request for production of documents, Defendant provides the following responses:

**RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Please produce plaintiff's entire personnel file, including any files kept separately by any supervisor and/or by the Human Resources Division.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection.  This request is overly broad and vague and ambiguous as to the phrase "any files kept separately."

Subject to and without waiving the foregoing objections, Defendant responds as follows:

Defendant will produce Plaintiff's personnel file.

2

1  **REQUEST FOR PRODUCTION NO. 2:**

2     Please produce any and all files or documents pertaining to plaintiff's job performance,

3  including evaluations or discipline not included in her personnel files.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

5     Objection.  This request is overly broad and unduly burdensome in that it seeks any and all

6  files or documents pertaining to Plaintiff's job performance.  This request is also vague and

7  ambiguous as to the phrase "pertaining to."  This request seeks information protected by the

8  attorney-client privilege and/or attorney work product doctrine.

9     Subject to and without waiving the foregoing objections, Defendant responds as follows:

10     Defendant will produce any performance evaluations or written discipline of Plaintiff

11  during her employment, to the extent any exist that are not contained in her personnel file.

12  **REQUEST FOR PRODUCTION NO. 3:**

13     Please produce any written complaints pertaining to plaintiff's job performance, made by

14  anyone, at any time during plaintiff's employment with defendant Superior Court of California,

15  County of Sonoma (SCCS).

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

17     Objection.  This request is overly broad in that it seeks any written complaints by anyone

18  at any time, without limitation as to scope.  This request also seeks information that is protected by

19  the constitutional, statutory, or common law rights to privacy of third parties, including but not

20  limited to Article I, Section I of the California Constitution.

21     Subject to and without waiving the foregoing objections, Defendant responds as follows:

22     Defendant will produce written complaints submitted by any of Defendant's employees to

23  Judge Averill or its Human Resources department regarding Plaintiff during her employment.

24  **REQUEST FOR PRODUCTION NO. 4:**

25     Please produce all documents reflecting defendant SCCS's policies and procedures for

26  investigating employee complaints of hostile treatment, retaliation, racism and/or discrimination.

27  / / /

28  / / /

DEFENDANT SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA'S RESPONSES
TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Objection. This request is overbroad, unduly burdensome, and vague and ambiguous as to the term "all documents reflecting." This request seeks documents protected by attorney client privilege and/or the attorney work product doctrine, and third parties' privacy rights. Subject to and without waiving these objections, Defendant responds as follows:

Defendant will produce its Court Personnel Plan.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all documents reflecting the guidelines under which plaintiff worked while employed at the SCCS, including, but not limited to, personnel policies, employee handbooks, procedure, and practices for hiring, promoting, evaluating, disciplining and terminating employees, reporting and investigating discrimination, retaliation, and/or misconduct, for each year during her employment with SCCS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Objection. This request is overbroad, unduly burdensome, and vague and ambiguous as to scope and as to the terms "all documents reflecting" and "guidelines." This request seeks documents protected by attorney client privilege and/or the attorney work product doctrine, and third parties' privacy rights. Subject to and without waiving these objections, Defendant responds as follows:

Defendant will produce its Court Personnel Plan.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce all documents reflecting the SCCS's practices, policies and/or recommendations regarding judicial conduct.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection. This request is overbroad, unduly burdensome, and vague and ambiguous as to scope and as to the terms "all documents reflecting," "recommendations," and "judicial conduct." This request seeks documents protected by attorney client privilege and/or the attorney work product doctrine, and third parties' privacy rights. This request seeks information that is not relevant to the claims and defenses in this matter.

4

Case No. 22-cv-07270-WHO
DEFENDANT SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA'S RESPONSES
TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

1    Subject to and without waiving the foregoing objections, Defendant responds as follows:

2    Defendant will produce the California Code of Judicial Ethics.

3    **REQUEST FOR PRODUCTION NO. 7:**

4    Please produce all documents reflecting the SCCS's practices, policies and/or

5    recommendations regarding whistleblowing.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

7    Objection.  This request is overbroad, unduly burdensome, and vague and ambiguous as to

8    scope and as to the terms "all documents reflecting" and "recommendations."  This request seeks

9    documents protected by attorney client privilege and/or the attorney work product doctrine, and

10   third parties' privacy rights.

11   Subject to and without waiving the foregoing objections, Defendant responds as follows:

12   Defendant will produce its Court Personnel Plan.

13   **REQUEST FOR PRODUCTION NO. 8:**

14   Please produce all documents reflecting the SCCS's practices, policies and/or

15   recommendations regarding discrimination.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

17   Objection.  This request is overbroad, unduly burdensome, and vague and ambiguous as to

18   scope and as to the terms "all documents reflecting" and "recommendations."  This request seeks

19   documents protected by attorney client privilege and/or the attorney work product doctrine, and

20   third parties' privacy rights.

21   Subject to and without waiving the foregoing objections, Defendant responds as follows:

22   Defendant will produce its Court Personnel Plan.

23   **REQUEST FOR PRODUCTION NO. 9:**

24   Please produce all documents reflecting the SCCS's practices, policies and/or

25   recommendations regarding retaliation.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

27   Objection.  This request is overbroad, unduly burdensome, and vague and ambiguous as to

28   scope and as to the terms "all documents reflecting" and "recommendations."  This request seeks

1  documents protected by attorney client privilege and/or the attorney work product doctrine, and

2  third parties' privacy rights.

3     Subject to and without waiving the foregoing objections, Defendant responds as follows:

4     Defendant will produce its Court Personnel Plan.

5  **REQUEST FOR PRODUCTION NO. 10:**

6     Please produce all documents reflecting the SCCS's practices, policies and/or

7  recommendations regarding termination of employment.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

9     Objection.  This request is overbroad, unduly burdensome, and vague and ambiguous as to

10 scope and as to the terms "all documents reflecting" and "recommendations."  This request seeks

11 documents protected by attorney client privilege and/or the attorney work product doctrine, and

12 third parties' privacy rights.

13    Subject to and without waiving the foregoing objections, Defendant responds as follows:

14    Defendant will produce its Court Personnel Plan.

15 **REQUEST FOR PRODUCTION NO. 11:**

16    Please produce all documents reflecting the SCCS's policies and/or procedures regarding

17 court personnel performance reviews or evaluations and performance improvement plans.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

19    Objection.  This request is overbroad, unduly burdensome, and vague and ambiguous as to

20 scope and as to the terms "all documents reflecting."  This request seeks documents protected by

21 attorney client privilege and/or the attorney work product doctrine, and third parties' privacy

22 rights.

23    Subject to and without waiving the foregoing objections, Defendant responds as follows:

24    Defendant will produce its Court Personnel Plan.

25 **REQUEST FOR PRODUCTION NO. 12:**

26    Please produce all calendar entries for meetings scheduled between plaintiff and Judge

27 Shelly Averill.

28 / / /

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

2         Objection.  This request seeks information that is not relevant to the claims or defenses in

3    this matter.  This request is also overbroad in that it is not limited to time or scope.  This request is

4    also vague and ambiguous as to the phrase "calendar entries."

5         Subject to and without waiving the foregoing objections, Defendant responds as follows:

6         Defendant will produce Outlook calendar entries reflecting meetings consisting of Plaintiff

7    and Judge Shelly Averill during Plaintiff's employment.

8    **REQUEST FOR PRODUCTION NO. 13:**

9         Please produce all calendar entries for meetings scheduled between plaintiff and Judge

10   Bradford Demeo.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

12        Objection.  This request seeks information that is not relevant to the claims or defenses in

13   this matter.  This request is also overbroad in that it is not limited in time or scope.  This request is

14   also vague and ambiguous as to the phrase "calendar entries" and the term "between."

15        Subject to and without waiving the foregoing objections, Defendant responds as follows:

16        Defendant will produce Outlook calendar entries reflecting meetings consisting of Plaintiff

17   and Judge Bradford DeMeo from January 1, 2021 to Plaintiff's termination.  After a diligent

18   search and reasonable inquiry, Defendant is unable to access calendar entries reflecting meetings

19   consisting of Plaintiff and Judge Bradford DeMeo prior to January 1, 2021.

20   **REQUEST FOR PRODUCTION NO. 14:**

21        Please produce all calendar entries for meetings scheduled between plaintiff and any

22   Human Resources Division staff.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

24        Objection.  This request is neither relevant nor reasonably likely to lead to the discovery of

25   admissible evidence.  This request is also overbroad and unduly burdensome in that it is not

26   limited in time or scope.  This request is also vague and ambiguous as to the phrase "calendar

27   entries."

28   / / /

1   Subject to and without waiving the foregoing objections, Defendant responds as follows:

2   Defendant will produce Outlook calendar entries reflecting meetings between Plaintiff and

3   Letitia DiMeola during Plaintiff's employment.

4   **REQUEST FOR PRODUCTION NO. 15:**

5   Please produce all of Judge Shelly Averill's notes from meetings with plaintiff.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

7   Objection.  This request seeks information outside the scope of discovery in that it seeks

8   information that is irrelevant to the claims or defenses in this matter.  This request is also

9   overbroad in that it is not limited in time or scope.

10   Subject to and without waiving the foregoing objections, Defendant responds as follows:

11   Defendant produced Judge Shelly Averill's notes from meetings with Plaintiff on February

12   17, 2023 (Bates numbered SCSC_000001-SCSC_000710).  Defendant will produce any additional

13   notes in Defendant's possession, custody, or control, taken by Judge Shelly Averill from meetings

14   with Plaintiff regarding the events alleged in her complaint.

15   **REQUEST FOR PRODUCTION NO. 16:**

16   Please produce all of Judge Bradford Demeo's notes from meetings with plaintiff.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

18   Objection.  This request seeks information outside the scope of discovery in that it seeks

19   information that is irrelevant to the claims or defenses in this matter.  This request is also

20   overbroad and unduly burdensome in that it is not limited in time or scope.

21   Subject to and without waiving the foregoing objections, Defendant responds as follows:

22   Defendant will produce notes in Defendant's possession, custody, or control, taken by

23   Judge Bradford DeMeo from meetings with Plaintiff regarding the events alleged in her

24   complaint.

25   **REQUEST FOR PRODUCTION NO. 17:**

26   Please produce all documents and/or communications between plaintiff, her managers,

27   and/or any Human Resources Division staff, and/or any individuals from the California Judicial

28   Council regarding plaintiff and/or her job performance.

8

Case No. 22-cv-07270-WHO

DEFENDANT SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA'S RESPONSES
TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

2       Objection.  This request is compound, overly broad, and unduly burdensome in that it

3   seeks all documents and/or communications regarding Plaintiff and/or her job performance.  This

4   request is also vague and ambiguous in that it is unclear whether it seeks communications between

5   Plaintiff and other specified employees of Defendant, or communications between any and all

6   specified employees of Defendant.  This request is vague and ambiguous as to the phrases

7   "individuals from the California Judicial Council" and "her job performance."  This request seeks

8   information protected by the attorney-client privilege and/or attorney work product doctrine.

9       Subject to and without waiving the foregoing objections, Defendant responds as follows:

10      Defendant will produce any performance evaluations of Plaintiff during her employment.

11  **REQUEST FOR PRODUCTION NO. 18:**

12      Please produce all documents and/or communications between plaintiff, her managers,

13  and/or any Human Resources Division staff regarding plaintiff's relationship with or conduct in

14  relation to Margaret Smith.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

16      Objection.  This request is overbroad and unduly burdensome and is vague and ambiguous

17  in that it is unclear whether it seeks communications between Plaintiff and other specified

18  employees of Defendant, or communications between any and all specified employees of

19  Defendant.  This request is also vague and ambiguous as to the phrase "relationship with or

20  conduct in relation to."  This request seeks information that may be protected by the attorney-

21  client privilege and/or attorney work product doctrine.  This request also seeks information that is

22  protected by the constitutional, statutory, or common law rights to privacy of third parties,

23  including but not limited to Article I, Section I of the California Constitution.

24      Subject to and without waiving the foregoing objections, Defendant responds as follows:

25      Defendant will produce documents in its possession, custody, and control containing

26  communications regarding Margaret Smith's job performance that were exchanged between

27  Plaintiff and Judge Shelly Averill, or exchanged between Plaintiff and Defendant's Human

28  Resources employees.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce all documents concerning investigations of any complaints about plaintiff, including, but not limited to, email communications, documents provided to the investigator(s), notes and/or recordings of all witness interviews, and all findings and/or reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objection.  This request is overbroad, unduly burdensome, and vague and ambiguous as to scope and as to the terms "all documents concerning."  This request seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Subject to and without waiving these objections, Defendant responds:

Defendant produced documents in its possession, custody, or control which were relied on as part of the investigations regarding Margaret Smith's complaints about Plaintiff on February 17, 2023.  Defendant will produce any additional documents in its possession, custody, or control which were relied on as part of the investigations into Margaret Smith's complaints about Plaintiff.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce all documents concerning investigations of any complaints made by plaintiff regarding racism and/or discrimination at SCCS, including but not limited to email communications, documents provided to the investigator(s), notes and/or recordings of all witness interviews, and all findings and/or reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Objection.  This request is overbroad, unduly burdensome, and vague and ambiguous as to scope and as to the terms "all documents concerning."  This request seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Subject to and without waiving these objections, Defendant responds:

Defendant will produce any documents in its possession, custody, or control which were relied on as part of the investigations into Plaintiff's complaint of discrimination.

/ / /

/ / /

10

Case No. 22-cv-07270-WHO

DEFENDANT SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA'S RESPONSES
TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**REQUEST FOR PRODUCTION NO. 21:**

Please provide the entire contents of the large file that was left on plaintiff's desk the day she was terminated, including, but not limited to, notes, documents, accountings and responses related to Margaret Smith's complaints about plaintiff and the investigations of those complaints.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection. This request is vague, ambiguous, and unintelligible as to "the large file that was left on plaintiff's desk."

**REQUEST FOR PRODUCTION NO. 22:**

Please produce all text messages between plaintiff and Judge Bradford Demeo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection. This request seeks information equally available to Plaintiff. This request is overbroad in that it is not limited in time or scope. This request also seeks information that is protected by the constitutional, statutory, or common law rights to privacy of third parties, including but not limited to Article I, Section I of the California Constitution.

Subject to and without waiving the foregoing objections, Defendant responds as follows:

Defendant has conducted a diligent search and reasonable inquiry and has determined that no responsive documents exist in Defendant's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 23:**

Please produce all text messages between plaintiff and Judge Shelly Averill.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection. This request seeks information equally available to Plaintiff. This request is overbroad in that it is not limited in time or scope. This request also seeks information that is protected by the constitutional, statutory, or common law rights to privacy of third parties, including but not limited to Article I, Section I of the California Constitution.

Subject to and without waiving the foregoing objections, Defendant responds as follows:

Defendant has conducted a diligent search and reasonable inquiry and has determined that no responsive documents exist in Defendant's possession, custody, or control.

/ / /

**REQUEST FOR PRODUCTION NO. 24:**

Please produce all text messages between Margaret Smith and Judge Shelly Averill regarding plaintiff's job performance and/or Margaret Smith's complaints about plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection. This request seeks information that is protected by the constitutional, statutory, or common law rights to privacy of third parties, including but not limited to Article I, Section I of the California Constitution.

Subject to and without waiving the foregoing objections, Defendant responds as follows:

Defendant has conducted a diligent search and reasonable inquiry and has determined that no responsive documents exist in Defendant's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 25:**

Please produce all text messages between Margaret Smith and Judge Bradford Demeo regarding plaintiff's job performance and/or Margaret Smith's complaints about plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection. This request seeks information that is protected by the constitutional, statutory, or common law rights to privacy of third parties, including but not limited to Article I, Section I of the California Constitution.

Subject to and without waiving the foregoing objections, Defendant responds as follows:

Defendant has conducted a diligent search and reasonable inquiry and has determined that no responsive documents exist in Defendant's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 26:**

Please produce all text messages between Judge Shelly Averill and Judge Bradford Demeo regarding any aspect of plaintiff's job performance and/or Margaret Smith's complaints about plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection. This request seeks information that is protected by the constitutional, statutory, or common law rights to privacy of third parties, including but not limited to Article I, Section I of the California Constitution.

Subject to and without waiving the foregoing objections, Defendant responds as follows:

Defendant has conducted a diligent search and reasonable inquiry and has determined that no responsive documents exist in Defendant's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 27:**

Please produce all email communications between Judge Shelly Averill and Judge Bradford Demeo regarding any aspect of plaintiff's job performance and/or Margaret Smith's complaints about plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Objection. This request is impermissibly compound. This request is vague and ambiguous, overbroad, and unduly burdensome in that it seeks all email communications regarding "any aspect" of Plaintiff's job performance, as well as "any aspect" of Margaret Smith's complaints about Plaintiff.

Subject to and without waiving the foregoing objections, Defendant responds as follows:

Defendant will produce Plaintiff's performance evaluations, if any, as well as any email communications between Judge Shelly Averill and Judge DeMeo discussing Margaret Smith's submitted complaints about Plaintiff.

**REQUEST FOR PRODUCTION NO. 28:**

Please produce all email communications between Margaret Smith and Judge Bradford Demeo, and/or Judge Shelly Averill, and/or Judge Robert LaForge regarding any aspect of plaintiff's job performance and/or Margaret Smith's complaints about plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection. This request is impermissibly compound, overbroad and unduly burdensome in that it seeks all email communications regarding "any aspect" of Plaintiff's job performance. This request is overbroad and unduly burdensome and is vague and ambiguous in that it is unclear whether it seeks communications between Plaintiff and other specified employees of Defendant, or communications between any and all specified employees of Defendant.

/ / /

/ / /

1   **REQUEST FOR PRODUCTION NO. 29:**

2        Please produce all email communications between plaintiff and Judge Bradford Demeo

3   regarding any aspect of plaintiff's job performance and/or Margaret Smith's complaints about

4   plaintiff

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

6        Objection.  This request is overbroad and unduly burdensome in that it seeks all email

7   communications regarding "any aspect" of Plaintiff's job performance.

8        Subject to and without waiving the foregoing objections, Defendant responds as follows:

9        Defendant will produce any emails between Plaintiff and Judge DeMeo in which Judge

10  DeMeo provides feedback on Plaintiff's job performance, and emails between Plaintiff and Judge

11  DeMeo discussing Margaret Smith's submitted complaints about Plaintiff.

12  **REQUEST FOR PRODUCTION NO. 30:**

13       Please produce all email communications between plaintiff and Judge Shelly Averill

14  regarding any aspect of plaintiff's job performance and/or Margaret Smith's complaints about

15  plaintiff.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

17       Objection.  This request is overbroad and unduly burdensome in that it seeks all email

18  communications regarding "any aspect" of Plaintiff's job performance.

19       Subject to and without waiving the foregoing objections, Defendant responds as follows:

20       Defendant will produce any emails between Plaintiff and Judge Averill in which Judge

21  Averill provides feedback on Plaintiff's job performance, and emails between Plaintiff and Judge

22  Averill discussing Margaret Smith's submitted complaints about Plaintiff.

23  **REQUEST FOR PRODUCTION NO. 31:**

24       Please produce all email communications between plaintiff, from her SCCS email account

25  and every other email account, and any other person regarding the recording of Judge Robert

26  LaForge's remarks, posted to the Court's YouTube page in or around May 2021, and the May 4,

27  2021 complaint by a member of the public regarding the recording.

28  / / /

DEFENDANT SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA'S RESPONSES
TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Objection.  This request is overbroad and unduly burdensome in that it seeks communications between Plaintiff and any other person.  This request seeks information equally available to Plaintiff.  This request also seeks information that is protected by the constitutional, statutory, or common law rights to privacy of third parties, including but not limited to Article I, Section I of the California Constitution.  This request is vague and ambiguous as to the phrase "every other email account."

Subject to and without waiving the foregoing objections, Defendant responds as follows:

Defendant will produce any emails between Plaintiff and its Human Resources department regarding the recording of Judge Robert LaForge's remarks posted to the Court's YouTube page on or around May 2021, and regarding the May 4, 2021 complaint by a member of the public regarding the recording.

**REQUEST FOR PRODUCTION NO. 32:**

Please produce all email communications between Judge Bradford Demeo and Judge Robert LaForge regarding the recording of Judge LaForge's remarks posted to the Court's YouTube page, in or around May 2021, and the May 4, 2021, complaint by a member of the public regarding the recording, and/or plaintiff's concerns regarding the recording.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Objection.  This request seeks information that is protected by the constitutional, statutory, or common law rights to privacy of third parties, including but not limited to Article I, Section I of the California Constitution.  This request seeks documents that are not relevant to the claims or defenses at issue in this case.  This request is vague, ambiguous, and overbroad as to the phrase "plaintiff's concerns regarding the recording."

Subject to and without waiving the foregoing objections, Defendant responds as follows:

Defendant will produce any emails between Judge DeMeo and Judge LaForge regarding the recording of Judge Robert LaForge's remarks posted to the Court's YouTube page on or around May 2021, and regarding the May 4, 2021 complaint by a member of the public regarding the recording.

DEFENDANT SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

1   **REQUEST FOR PRODUCTION NO. 33:**

2      Please produce all documents regarding Judge Robert LaForge's self reporting to the

3   Commission on Judicial Performance regarding the recording of his remarks posted to the Court's

4   YouTube page, in or around May 2021, and the May 4, 2021 complaint by a member of the public

5   regarding the recording

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

7      Objection.   This request seeks information that is protected by the constitutional, statutory,

8   or common law rights to privacy of third parties, including but not limited to Article I, Section I of

9   the California Constitution.  This request seeks documents that are not relevant to the claims or

10  defenses in this case.  This request is overbroad and unduly burdensome, as this request seeks "all

11  documents regarding" Judge Robert LaForge's self-reporting.  This request assumes facts in that it

12  assumes Judge Robert LaForge self-reported to the Commission on Judicial Performance.  This

13  request seeks information protected by the attorney-client privilege and/or attorney work product

14  doctrine.

15     Subject to and without waiving the foregoing objections, Defendant responds as follows:

16     After a diligent search and reasonable inquiry, no such documents are in Defendant's

17  possession, custody, or control.

18  **REQUEST FOR PRODUCTION NO. 34:**

19     Please produce all email communications between Judge Shelly Averill and Judge Robert

20  LaForge regarding any aspect of plaintiff's job performance and/or Margaret Smith's complaints

21  regarding plaintiff.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

23     Objection.  This request is overly broad and unduly burdensome in that it seeks

24  communications regarding "any aspect" of Plaintiff's job performance and Margaret Smith's

25  complaints regarding Plaintiff.

26     Subject to and without waiving the foregoing objections, Defendant responds as follows:

27     Defendant will produce Plaintiff's performance evaluations, as well as any emails between

28  Judge LaForge and Judge Averill discussing Margaret Smith's submitted complaints about

1  Plaintiff.

2  **REQUEST FOR PRODUCTION NO. 35:**

3      Please produce all emails and/or other documents referenced by Margaret Smith in any of

4  her complaints and/or logs regarding her treatment by and/or interactions with plaintiff.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

6      Objection.  This request is overly broad and unduly burdensome.  This request is vague

7  and ambiguous, as Margaret Smith's complaints and/or logs often refer only vaguely to emails

8  and/or other documents.

9      Subject to and without waiving the foregoing objections, Defendant responds as follows:

10      Defendant will produce emails submitted by Margaret Smith as part of the investigation

11  into Ms. Smith's complaints about Plaintiff.

12  **REQUEST FOR PRODUCTION NO. 36:**

13      Please produce all documents, including email communications, between Judge Shelly

14  Averill and/or Judge Robert LaForge and/or Kwesi Williams and/or any SCCS employee,

15  regarding Judge LaForge's instruction to Williams regarding the assignment of a court reporter in

16  April 2022.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

18      Objection.  This request seeks information that is protected by the constitutional, statutory,

19  or common law rights to privacy of third parties, including but not limited to Article I, Section I of

20  the California Constitution.  This request is vague and ambiguous as to the phrases "all

21  documents, including email communications between" and "assignment of a court reporter in

22  April 2022."  This request seeks information protected by the attorney-client privilege and/or

23  attorney work product doctrine.  This request seeks information that is outside the scope of

24  discovery because it is not relevant to the claims or defenses in this matter.  This request is

25  impermissibly compound.  This request is overbroad and unduly burdensome and is vague and

26  ambiguous in that it is unclear whether it seeks communications between Plaintiff and other

27  specified employees of Defendant, or communications between any and all specified employees of

28  Defendant.

DEFENDANT SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA'S RESPONSES
TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

1    Subject to and without waiving the foregoing objections, Defendant responds as follows:

2    Defendant will produce emails reflecting the April 28, 2022 communication from Judge

3    Robert LaForge's assistant to Kwesi Williams regarding the assignment of court reporter Kathy

4    Langstaff.

5    **REQUEST FOR PRODUCTION NO. 37:**

6    Please produce any and all files or documents pertaining to Margaret Smith's job

7    performance, including, but not limited to, evaluations and disciplinary actions and investigations.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

9    Objection.  This request seeks information that may be protected by the attorney-client

10   privilege and/or attorney work product doctrine.  This request also seeks information that is

11   protected by the constitutional, statutory, or common law rights to privacy of third parties,

12   including but not limited to Article I, Section I of the California Constitution.  This request is

13   vague, overly broad, and unduly burdensome in that it seeks "any and all files or documents

14   pertaining to."

15   **REQUEST FOR PRODUCTION NO. 38:**

16   Please produce any written complaints pertaining to Margaret Smith's job performance,

17   made by anyone, at any time during her employment with defendant Superior Court of California,

18   County of Sonoma's (SCCS).

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

20   Objection.  This request is vague and ambiguous as to the terms "written complaints" and

21   "pertaining to."  This request is overbroad in that it seeks written complaints made by any one at

22   any time.

23   Subject to and without waiving the foregoing objections, Defendant responds as follows:

24   Defendant will produce email communications discussing Margaret Smith's job

25   performance that were exchanged between Plaintiff and Shelly Averill, and exchanged between

26   Plaintiff and Defendant's Human Resources employees.

27   / / /

28   / / /

1  **REQUEST FOR PRODUCTION NO. 39:**

2      Please produce all email communications between plaintiff and Margaret Smith pertaining

3  to Ms. Smith's job performance.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

5      Objection.  This request is vague and ambiguous as to the phrases "pertaining to" and "job

6  performance."

7      Subject to and without waiving the foregoing objections, Defendant responds as follows:

8      Defendant will produce email communications between Plaintiff and Margaret Smith in

9  which Plaintiff provided feedback on Ms. Smith's job performance.

10 **REQUEST FOR PRODUCTION NO. 40:**

11     Please produce the digital calendar entries associated with plaintiff's SCCS email account.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

13     Objection.  This request seeks information that is not relevant to the claims or defenses in

14 this matter.  This request is overbroad and unduly burdensome in that it is not limited in time or

15 scope.

16     Subject to and without waiving the foregoing objections, Defendant responds as follows:

17     Defendant will produce Outlook calendar entries on Plaintiff's calendar from January 1,

18 2020 to the present.

19 **REQUEST FOR PRODUCTION NO. 41:**

20     Please produce the organizational chart(s) of the SCCS for the time period between

21 October 2017 and May 2022.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

23     Objection.  This request seeks information that is not relevant to the claims or defenses in

24 this matter.

25     Subject to and without waiving the foregoing objections, Defendant responds as follows:

26     Defendant will produce any responsive, non-privileged documents discovered following a

27 diligent search and reasonable inquiry.

28 / / /

1 **REQUEST FOR PRODUCTION NO. 42:**

2       Please produce any internal and/or external reports or assessments of the work

3 environment at SCCS produced between 2017 and 2022.

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

5       Objection.  This request seeks information that is outside the scope of discovery because it

6 is not relevant to the claims or defenses in this matter.  This request also seeks information that is

7 protected by the constitutional, statutory, or common law rights to privacy of third parties,

8 including but not limited to Article I, Section I of the California Constitution.  This request seeks

9 information protected by the attorney-client privilege and/or attorney work product doctrine.

10 **REQUEST FOR PRODUCTION NO. 43:**

11       Please produce all documents that reflect the reasons for defendants' decision to terminate

12 plaintiff.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

14       Objection.  This request is overbroad and unduly burdensome in that it seeks "all

15 documents that reflect."  This request seeks information protected by the attorney-client privilege

16 and/or attorney work product doctrine.

17       Subject to and without waiving these objections, Defendant responds:

18       Defendant produced documents relied on in its investigation into Margaret Smith's

19 complaints about Plaintiff on February 17, 2023 (Bates numbered 000001-SCSC_000710).

20 Defendant will produce any additional documents in its possession, custody, or control which

21 were relied on as part of the investigations into Margaret Smith's complaints about Plaintiff.

22 **REQUEST FOR PRODUCTION NO. 44:**

23       Please produce all notes of all employees of defendant SCCS, who participated in the

24 decision to terminate plaintiff's employment, regarding the decision to terminate her employment,

25 including notes from all meetings regarding any aspect of plaintiff's employment and/or job

26 performance

27 / / /

28 / / /

DEFENDANT SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA'S RESPONSES
TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Objection.  This request seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  This request is overbroad in that it seeks "notes from all meetings regarding any aspect of plaintiff's employment."

**REQUEST FOR PRODUCTION NO. 45:**

Please produce all documents concerning the termination of plaintiff, including, but not limited to, all documents relied upon, all communications between and among individuals regarding the decision to terminate plaintiff, all documents that any of defendant SCCS's employees prepared with respect to the termination, all interviews with any and all persons regarding the facts that led to the termination, and all evidence that supported the termination

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Objection.  This request seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  This request is vague and overly broad as to the phrase "all documents concerning."

Subject to and without waiving these objections, Defendant responds:

Defendant produced documents relied on in the investigations into Margaret Smith's complaints about Plaintiff, and the investigation into whether Plaintiff misrepresented the reason a court employee resigned, on February 17, 2023 (Bates numbered 000001-SCSC_000710). Defendant will produce any additional documents in its possession, custody, or control which were relied on as part of the investigations into Margaret Smith's complaints about Plaintiff, as well as the investigation into whether Plaintiff misrepresented the reason a court employee resigned.

**REQUEST FOR PRODUCTION NO. 46:**

Please produce documents reflecting plaintiff's annual compensation and benefits for each year of her employment with SCCS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Objection.  This request is vague and ambiguous as to the phrase "documents reflecting plaintiff's annual compensation and benefits."

DEFENDANT SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA'S RESPONSES
TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

Subject to and without waiving the foregoing objections, Defendant responds as follows:

Defendant will produce Plaintiff's payroll records.

**REQUEST FOR PRODUCTION NO. 47:**

Please produce documents reflecting each type of benefit to which plaintiff would have been entitled had she not been terminated and had she remained as Chief Executive Officer, from the date of her termination to the present, including but not limited to, the amounts SCCS would have paid to provide each benefit and the value of each benefit to plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Objection.  This request is vague and ambiguous as to the phrase "type of benefit."

Subject to and without waiving the foregoing objections, Defendant responds as follows:

Defendant will produce its Court Personnel Plan.

**REQUEST FOR PRODUCTION NO. 48:**

Please produce the Code of Ethics for the Court Employees of California, referenced by defendants in their Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Defendant will produce all responsive, non-privileged documents discovered following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 49:**

Please produce the October 24, 2021, Executive Summary of Investigative Findings created by investigations law firm Van Dermyden Makus, referenced by defendants in their Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Objection.  This request seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  This request also seeks information that is protected by the constitutional, statutory, or common law rights to privacy of third parties, including but not limited to Article I, Section I of the California Constitution.

Subject to and without waiving the foregoing objections, Defendant responds as follows:

Defendant will produce all responsive, non-privileged documents located following a

1 diligent search and reasonable inquiry.

2 **REQUEST FOR PRODUCTION NO. 50:**

3       Please produce the March 30, 2022, Executive Summary of Investigative Findings created

4 by investigations law firm Van Dermyden Makus, referenced by defendants in their Initial

5 Disclosures.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

7       Objection. This request seeks information protected by the attorney-client privilege and/or

8 attorney work product doctrine. This request also seeks information that is protected by the

9 constitutional, statutory, or common law rights to privacy of third parties, including but not limited

10 to Article I, Section I of the California Constitution.

11       Subject to and without waiving the foregoing objections, Defendant responds as follows:

12       Defendant will produce all responsive, non-privileged documents located following a

13 diligent search and reasonable inquiry.

14 **REQUEST FOR PRODUCTION NO. 51:**

15       Please produce the April 12, 2022, Executive Summary of Investigative Findings created

16 by investigations law firm Van Dermyden Makus, referenced by defendants in their Initial

17 Disclosures.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

19       Objection. This request seeks information protected by the attorney-client privilege and/or

20 attorney work product doctrine. This request also seeks information that is protected by the

21 constitutional, statutory, or common law rights to privacy of third parties, including but not limited

22 to Article I, Section I of the California Constitution.

23       Subject to and without waiving the foregoing objections, Defendant responds as follows:

24       Defendant will produce all responsive, non-privileged documents located following a

25 diligent search and reasonable inquiry.

26 **REQUEST FOR PRODUCTION NO. 52:**

27       Please produce plaintiff's 52-page response to Margaret Smith's Complaint Log,

28 referenced by defendants in their Initial Disclosures.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

2  Objection.  This request is vague and ambiguous as to the phrase "plaintiff's 52-page

3  response."

4  Subject to and without waiving the foregoing objections, Defendant responds as follows:

5  Defendant will produce all responsive, non-privileged documents discovered following a

6  diligent search and reasonable inquiry.

7  **REQUEST FOR PRODUCTION NO. 53:**

8  Please produce the Memorandum titled "Presiding Judges' Luncheon Court Update"

9  prepared by plaintiff for Judge Nadler's address in 2019, referenced by defendants in their Initial

10  Disclosures.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

12  Defendant will produce any responsive, non-privileged documents discovered following a

13  diligent search and reasonable inquiry.

14  **REQUEST FOR PRODUCTION NO. 54:**

15  Please produce the May 25, 2020, email from plaintiff to a list of court managers and

16  justice partners, referenced by defendants in their Initial Disclosures.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

18  Defendant will produce a May 26, 2020 email from Plaintiff to a list of court managers and

19  justice partners, which was incorrectly referenced as a May 25, 2020 email in Defendants' initial

20  disclosures.

21  **REQUEST FOR PRODUCTION NO. 55:**

22  Please produce the June 8, 2020, email from plaintiff to court staff regarding a Black Lives

23  Matter rally, referenced by defendants in their Initial Disclosures.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

25  Defendant will produce all responsive, non-privileged documents discovered following a

26  diligent search and reasonable inquiry.

27  / / /

28  / / /

**REQUEST FOR PRODUCTION NO. 56:**

Please produce the March 2, 2021, email from Judge Demeo to plaintiff, referenced by defendants in their Initial Disclosures

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Defendant will produce all responsive, non-privileged documents discovered following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 57:**

Please produce the email announcing the 2021 Presiding Judge's Luncheon, referenced by defendants in their Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Defendant will produce all responsive, non-privileged documents discovered following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 58:**

Please produce the voicemail left by Judge Demeo for plaintiff regarding a call he had received from Margaret Smith and the Presiding Judge's Luncheon, referenced by defendants in their Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Objection.  This request seeks information equally available to Plaintiff.

Defendant is unable to respond to this request as it is unable to access voicemails sent to Plaintiff in 2021.

**REQUEST FOR PRODUCTION NO. 59:**

Please produce the April 5, 2021, Executive Committee and Executive Officer meeting minutes, referenced by defendants in their Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Defendant will produce all responsive, non-privileged documents located following a diligent search and reasonable inquiry.

/ / /

/ / /

DEFENDANT SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA'S RESPONSES
TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

1  **REQUEST FOR PRODUCTION NO. 60:**

2     Please produce the email with the subject line "FW Colleen - PLEASE READ ASAP

3  091819", referenced by defendants in their Initial Disclosures.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

5     Objection.  This request seeks information that is protected by the constitutional, statutory,

6  or common law rights to privacy of third parties, including but not limited to Article I, Section I of

7  the California Constitution.

8     Subject to and without waiving the foregoing objections, Defendant responds as follows:

9     Defendant will produce all responsive, non-privileged documents discovered following a

10 diligent search and reasonable inquiry.

11 **REQUEST FOR PRODUCTION NO. 61:**

12    Please produce the April 28, 2021, email from plaintiff to Judge Demeo, referenced by

13 defendants in their Initial Disclosures.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

15    Defendant will produce all responsive, non-privileged documents discovered following a

16 diligent search and reasonable inquiry.

17 **REQUEST FOR PRODUCTION NO. 62:**

18    Please produce the October 2021 exchange of emails between Judge Demeo and plaintiff

19 with attached PowerPoint presentation related to the courthouse, referenced by defendants in their

20 Initial Disclosures.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

22    Defendant will produce all responsive, non-privileged documents located following a

23 diligent search and reasonable inquiry.

24 **REQUEST FOR PRODUCTION NO. 63:**

25    Please produce the December 23, 2021, email exchange with Judge Demeo and plaintiff,

26 referenced by defendants in their Initial Disclosures.

27 / / /

28 / / /

Case No. 22-cv-07270-WHO

DEFENDANT SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA'S RESPONSES
TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Defendant will produce all responsive, non-privileged documents located following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 64:**

Please produce the February 1, 2022, email from plaintiff to Judge Averill, referenced by defendants in their Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Defendant will produce all responsive, non-privileged documents discovered following a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 65:**

Please produce the emails between Judge Demeo and plaintiff regarding a draft press release, a meeting with plaintiff and justice partners, a TedTalk show on racial bias, and challenges plaintiff faced reopening one of the courthouses, referenced by defendants in their Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Defendant will produce all responsive, non-privileged documents located following a diligent search and reasonable inquiry.

Dated: July 19, 2023

QUARLES & BRADY LLP

By: _____

CORRIE J. KLEKOWSKI
Attorneys for Defendants SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA and SHELLY AVERILL

1

<u>**PROOF OF SERVICE**</u>

2

**Arlene D. Junior v. Superior Court of the State of California, County of Sonoma, et al.
Case No. 3:22-cv-07270-WHO**

3

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

4

5

     At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Diego, State of California.  My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

6

7

     On July 19, 2023, I served true copies of the following document(s) described as **DEFENDANT SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)** on the interested parties in this action as follows:

8

9

Daniel M. Siegel
Sara Beladi

10

**SIEGEL, YEE, BRUNNER & MEHTA**
475 14th Street, Suite 500

11

Oakland, CA 94612
Telephone: (510) 839-1200

12

Facsimile: (510) 444-6698
E-Mail: dansiegel@siegelyee.com;

13

       sbeladi@protonmail.com

14

*Attorneys for Plaintiff*
ARLENE D. JUNIOR

15

16

     **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address mark.rachel@quarles.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

17

18

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

19

20

     Executed on July 19, 2023, at San Diego, California.

21

22

23

_____
Mark C. Rachel

24

25

26

27

28

DEFENDANT SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA'S RESPONSES
TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

# EXHIBIT B

1  CORRIE J. KLEKOWSKI (SBN 251338)
   corrie.klekowski@quarles.com
2  **QUARLES & BRADY LLP**
   101 West Broadway, Ninth Floor
3  San Diego, California 92101-8285
   Telephone: 619-237-5200
4  Facsimile: 619-615-0700

5  Attorneys for Defendants SUPERIOR COURT
   OF THE STATE OF CALIFORNIA, COUNTY
6  OF SONOMA and SHELLY AVERILL

7

8              **UNITED STATES DISTRICT COURT**

9      **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

10

11  ARLENE D. JUNIOR,                    Case No. 22-cv-07270-WHO

12          Plaintiff,                   **DEFENDANT SUPERIOR COURT OF
                                         THE STATE OF CALIFORNIA, COUNTY**
13      v.                               **OF SONOMA'S SUPPLEMENTAL
                                         RESPONSES TO PLAINTIFF'S**
14  SUPERIOR COURT OF THE STATE OF       **REQUEST FOR PRODUCTION OF
    CALIFORNIA, COUNTY OF SONOMA,        DOCUMENTS (SET TWO)**
15  and SHELLY AVERILL,

16          Defendants.                  Judge:      Hon. William H. Orrick
                                         Trial Date: Not Set
17

18  PROPOUNDING PARTY:      Plaintiff ARLENE JUNIOR

19  RESPONDING PARTY:       Defendant SUPERIOR COURT OF THE STATE OF

20                          CALIFORNIA, COUNTY OF SONOMA

21  SET NUMBER:             Two

22         Pursuant to Federal Rule of Civil Procedure 34 Defendant SUPERIOR COURT OF THE

23  STATE OF CALIFORNIA, COUNTY OF SONOMA provides the following written responses to

24  Plaintiff ARLENE JUNIOR's request for production of documents:

25  / / /

26  / / /

27  / / /

28  / / /

Case No. 22-cv-07270-WHO

DEFENDANT SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA'S
SUPPLEMENTAL RESPONSES TO PLAINTIFF'S RFP OF DOCUMENTS (SET TWO)

**PRELIMINARY STATEMENT**

1.      Nothing herein should be construed as an admission regarding the admissibility, truth, accuracy or relevancy of any document.

2.      Defendant and its attorneys have not completed their discovery or preparation for trial, nor have they concluded their analysis of information gathered to date.  These responses therefore are based upon information presently available to and known by Defendant.

3.      It is possible that future discovery and independent investigation may supply additional facts or information, add meaning to known facts and may establish new factual conclusions and contentions, all of which may lead to additions, changes in, or variations from the responses set forth herein.

4.      These responses are made without prejudice to the right of Defendant to provide supplemental, additional or different responses or evidence at the time of trial.

5.      These responses include only those documents currently within Defendant's possession, custody or control.

6.      Defendant objects to all of Plaintiff's request for production of documents to the extent they call for attorney-client communications and/or attorney work product.  The inclusion of this objection in a specific response does not waive it in those responses in which it is not specifically included because this objection is incorporated into each and every response to Plaintiff's request for production of documents.

Subject to the foregoing general comments and objections, which are incorporated into each response to Plaintiff's request for production of documents, Defendant provides the following responses:

**RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 66:**

Please produce all email communications between plaintiff and Judge Bradford DeMeo, from January 1, 2021 through December 31, 2021.

/ / /

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Objection.  This request seeks information that is not relevant to the claims or defenses in this matter.  This request is also overbroad and unduly burdensome as to scope, as it seeks all communications between Plaintiff and Judge Bradford DeMeo, the majority of which are irrelevant to the instant lawsuit.  This request seeks information that is protected by the constitutional, statutory, or common law rights to privacy of third parties, including but not limited to Article I, Section I of the California Constitution.  This request is duplicative of other requests propounded.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Objection.  This request seeks information that is not relevant to the claims or defenses in this matter.  This request is also overbroad and unduly burdensome as to scope, as it seeks all communications between Plaintiff and Judge Bradford DeMeo, the majority of which are irrelevant to the instant lawsuit.  This request seeks information that is protected by the constitutional, statutory, or common law rights to privacy of third parties, including but not limited to Article I, Section I of the California Constitution.  This request is duplicative of other requests propounded.

Subject to and without waiving the foregoing objections, Defendant responds as follows:

Defendant will produce email communications between Plaintiff and Judge Bradford DeMeo from January 1, 2021 through December 31, 2021, which discuss Plaintiff's job performance, any complaints against Plaintiff, and the independent investigations related to Plaintiff.

**REQUEST FOR PRODUCTION NO. 67:**

Please produce all documentation from Jennifer Campbell's Sonoma County Superior Court personnel file regarding her demotion by plaintiff, from Court Supervisor to Courtroom Clerk, including, but not limited to, the status form reflecting the change in status and the memorandum written by plaintiff.

/ / /

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Objection.  This request seeks information that is not relevant to the claims or defenses in this matter and not proportional to the needs of the case.  This request seeks information that is protected by the constitutional, statutory, or common law rights to privacy of third parties, including but not limited to Article I, Section I of the California Constitution.  This request is vague and ambiguous as to the phrase "the memorandum written by plaintiff."

**REQUEST FOR PRODUCTION NO. 68:**

Please produce all email communications between plaintiff and Jennifer Campbell regarding her demotion from Court Supervisor to Courtroom Clerk.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Objection.  This request seeks information that is not relevant to the claims or defenses in this matter and not proportional to the needs of the case.  This request seeks information that is protected by the constitutional, statutory, or common law rights to privacy of third parties, including but not limited to Article I, Section I of the California Constitution.  This request is vague and ambiguous as to the phrase "regarding her demotion."

**REQUEST FOR PRODUCTION NO. 69:**

Please produce all email communications between plaintiff and Jennifer Campbell regarding her promotion, by plaintiff, from Courtroom Clerk to Court Supervisor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Objection.  This request seeks information that is not relevant to the claims or defenses in this matter and is not proportional to the needs of the case.  This request seeks information that is protected by the constitutional, statutory, or common law rights to privacy of third parties, including but not limited to Article I, Section I of the California Constitution.  This request is vague and ambiguous as to the phrase "regarding her promotion."

**REQUEST FOR PRODUCTION NO. 70:**

Please produce all of defendant Shelly Averill's notes from conversations and/or meetings that she had, while serving as the Family Law Supervising Judge, regarding complaints about Jennifer Campbell's treatment of the Court Clerks in the Family Law Clerk's Office.

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

2        Objection.  This request seeks information that is not relevant to the claims or defenses in

3   this matter.  This request seeks information that is protected by the constitutional, statutory, or

4   common law rights to privacy of third parties, including but not limited to Article I, Section I of

5   the California Constitution.  This request seeks information that may be protected by the attorney-

6   client privilege and/or attorney work product doctrine.

7   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

8        Objection.  This request seeks information that is not relevant to the claims or defenses in

9   this matter.  This request seeks information that is protected by the constitutional, statutory, or

10  common law rights to privacy of third parties, including but not limited to Article I, Section I of

11  the California Constitution.  This request seeks information that may be protected by the attorney-

12  client privilege and/or attorney work product doctrine.

13       Subject to and without waiving the foregoing objections, Defendant responds as follows:

14       Defendant will produce all responsive, non-privileged documents located following a

15  diligent search and reasonable inquiry.

16  **REQUEST FOR PRODUCTION NO. 71:**

17       Please produce all of Linda Walker's notes regarding requests from plaintiff regarding

18  Brett O'Rourke's job description, duties and responsibilities.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

20       Objection.  This request seeks information that is not relevant to the claims or defenses in

21  this matter nor proportional to the needs of the case.  This request is overbroad in that it is not

22  limited in time.  This request is vague and ambiguous as to "notes," "requests," and "regarding

23  Brett O'Rourke's job description, duties and responsibilities."

24  **REQUEST FOR PRODUCTION NO. 72:**

25       Please produce all email communications between plaintiff and Linda Walker regarding

26  Brett O'Rourke's job description, job duties and responsibilities, job performance and/or any

27  complaints regarding his job performance.

28  / / /

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

2      Objection.  This request seeks information that is not relevant to the claims or defenses in

3  this matter.  This request is overbroad in that it is not limited in time.  This request is vague and

4  ambiguous as to "notes" and "regarding Brett O'Rourke's job description, duties and

5  responsibilities, job performance and/or any complaints regarding his job performance."  This

6  request seeks information that is protected by the constitutional, statutory, or common law rights

7  to privacy of third parties, including but not limited to Article I, Section I of the California

8  Constitution.

9  **REQUEST FOR PRODUCTION NO. 73:**

10      Please produce all email communications between plaintiff and Brett O'Rourke regarding

11  the use of surveillance cameras in the Family Law clerk's office and courtrooms.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

13      Objection.  This request seeks information that is not relevant to the claims or defenses in

14  this matter nor proportional to the needs of the case.  This request is overbroad in that it is not

15  limited in time.  This request is vague and ambiguous as to the phrase "the use of surveillance

16  cameras."

17  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

18      Objection.  This request seeks information that is not relevant to the claims or defenses in

19  this matter nor proportional to the needs of the case.  This request is overbroad in that it is not

20  limited in time.  This request is vague and ambiguous as to the phrase "the use of surveillance

21  cameras."

22      Subject to and without waiving the foregoing objections, Defendant responds as follows:

23      Defendant will produce email communications between Plaintiff and Brett O'Rourke from

24  January 1, 2021 through May 13, 2022 in which the surveillance cameras in the Family Law

25  clerk's office and courtrooms is discussed.

26  **REQUEST FOR PRODUCTION NO. 74:**

27      Please produce all email communications between plaintiff and Brett O'Rourke regarding

28  the rodent and rat infestation at the Empire College Annex, Civil Departments 16 and 17.

Case No. 22-cv-07270-WHO

DEFENDANT SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA'S
SUPPLEMENTAL RESPONSES TO PLAINTIFF'S RFP OF DOCUMENTS (SET TWO)

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

2      Objection.  This request seeks information that is not relevant to the claims or defenses in

3  this matter nor proportional to the needs of the case.  This request is intended to harass.  The

4  request is vague as to time.

5  **REQUEST FOR PRODUCTION NO. 75:**

6      Please produce all email communications between plaintiff and Judge Pat Broderick

7  regarding the rodent and rat infestation at the Empire College Annex, Civil Departments 16 and

8  17.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

10      Objection.  This request seeks information that is not relevant to the claims or defenses in

11  this matter nor proportional to the needs of the case.  This request is intended to harass.  The

12  request is vague as to time.

13  **REQUEST FOR PRODUCTION NO. 76:**

14      Please produce all email communications between plaintiff and all court staff, including

15  judges and commissioners, regarding the rodent and rat infestation at the Empire College Annex,

16  Civil Departments 16 and 17.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

18      Objection.  This request seeks information that is not relevant to the claims or defenses in

19  this matter nor proportional to the needs of the case.  This request is intended to harass.  The

20  request is vague as to time.

21  **REQUEST FOR PRODUCTION NO. 77:**

22      Please produce all email communications between plaintiff and Leti Valencia from January

23  1, 2021 through December 31, 2021.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

25      Objection.  This request seeks information that is not relevant to the claims or defenses in

26  this matter nor proportional to the needs of the case.  This request is also overbroad and unduly

27  burdensome as to scope and time.  This request seeks information that is protected by the

28  constitutional, statutory, or common law rights to privacy of third parties, including but not limited

7     Case No. 22-cv-07270-WHO

DEFENDANT SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA'S
SUPPLEMENTAL RESPONSES TO PLAINTIFF'S RFP OF DOCUMENTS (SET TWO)

1 to Article I, Section I of the California Constitution.  This request may also seek information

2 protected by the attorney-client privilege and/or attorney work product doctrine.

3 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

4      Objection.  This request seeks information that is not relevant to the claims or defenses in

5 this matter nor proportional to the needs of the case.  This request is also overbroad and unduly

6 burdensome as to scope and time.  This request seeks information that is protected by the

7 constitutional, statutory, or common law rights to privacy of third parties, including but not limited

8 to Article I, Section I of the California Constitution.  This request may also seek information

9 protected by the attorney-client privilege and/or attorney work product doctrine.

10      Subject to and without waiving the foregoing objections, Defendant responds as follows:

11      Defendant will produce email communications located following a diligent search and

12 reasonable inquiry which are between Plaintiff and Leti Valencia from January 1, 2021 through

13 December 31, 2021, and which discuss Plaintiff's job performance, complaints against Plaintiff,

14 and/or the independent investigations related to Plaintiff.

15 **REQUEST FOR PRODUCTION NO. 78:**

16      Please produce all email communications between plaintiff and Leti Valencia and/or Hema

17 Krishnamurthy related to the handling of the complaint that the District Attorney filed against

18 PG&E on or around April 7, 2021.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

20      Objection.  This request seeks information that is not relevant to the claims or defenses in

21 this matter nor proportional to the needs of the case.  This request is intended to harass.  This

22 request is vague and ambiguous as to the phrases "complaint" and "the handling of the complaint."

23 This request is vague and ambiguous in that it is unclear whether it seeks communications

24 between Leti Valencia and Hema Krishnamurthy.  This request seeks that could be protected by

25 the attorney-client privilege and/or attorney work product doctrine.

26 **REQUEST FOR PRODUCTION NO. 79:**

27      Please produce all email communications between plaintiff and Margaret Smith regarding

28 the handling of the complaint that the District Attorney filed against PG&E on or around April 7,

1   2021.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

3   Objection.  This request seeks information that is not relevant to the claims or defenses in

4   this matter nor proportional to the needs of the case.  This request is intended to harass.  This

5   request is vague and ambiguous as to the phrases "complaint" and "the handling of the complaint."

6   This request seeks information that could be protected by the attorney-client privilege and/or

7   attorney work product doctrine.

8   **REQUEST FOR PRODUCTION NO. 80:**

9   Please produce all email communications between plaintiff and Julie Wilcox, from January

10  1, 2021 through May 30, 2022.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

12  Objection.  This request seeks information that is not relevant to the claims or defenses in

13  this matter nor proportional to the needs of the case.  This request is also overbroad and unduly

14  burdensome as to scope and time.  This request seeks information that is protected by the

15  constitutional, statutory, or common law rights to privacy of third parties, including but not limited

16  to Article I, Section I of the California Constitution. This request seeks information that could be

17  protected by the attorney-client privilege and/or attorney work product doctrine.

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

19  Objection.  This request seeks information that is not relevant to the claims or defenses in

20  this matter nor proportional to the needs of the case.  This request is also overbroad and unduly

21  burdensome as to scope and time.  This request seeks information that is protected by the

22  constitutional, statutory, or common law rights to privacy of third parties, including but not limited

23  to Article I, Section I of the California Constitution. This request seeks information that could be

24  protected by the attorney-client privilege and/or attorney work product doctrine.

25  Subject to and without waiving the foregoing objections, Defendant responds as follows:

26  Defendant will produce email communications located following a diligent search and

27  reasonable inquiry which are between Plaintiff and Julie Wilcox from January 1, 2021 through

28  May 13, 2022, and which discuss Plaintiff's job performance, complaints against Plaintiff, and/or

1   the independent investigations related to Plaintiff.

2   **REQUEST FOR PRODUCTION NO. 81:**

3         Please produce all disciplinary documents in Julie Wilcox' personnel file, issued by former

4   Chief Executive Officer Jose Guillen, including but not limited to those issued for dishonesty and

5   eavesdropping.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

7         Objection.  This request seeks information that is not relevant to the claims or defenses in

8   this matter nor proportional to the needs of the case.  This request seeks information that is

9   protected by the constitutional, statutory, or common law rights to privacy of third parties,

10  including but not limited to Article I, Section I of the California Constitution.  This request is

11  overbroad in that it is not limited in time or scope.

12  **REQUEST FOR PRODUCTION NO. 82:**

13        Please produce all email communications between plaintiff and Hema Krishnamurthy,

14  from October 15, 2017 through March 30, 2022.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

16        Objection.  This request seeks information that is not relevant to the claims or defenses in

17  this matter nor proportional to the needs of the case.  This request is overbroad and unduly

18  burdensome as to scope, as it seeks all email communications between Plaintiff and Hema

19  Krishnamurthy, the majority of which are irrelevant to the instant lawsuit.  This request is also

20  overbroad as to time.  This request seeks information that is protected by the constitutional,

21  statutory, or common law rights to privacy of third parties, including but not limited to Article I,

22  Section I of the California Constitution.  This request seeks information that could be protected by

23  the attorney-client privilege and/or attorney work product doctrine.

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

25        Objection.  This request seeks information that is not relevant to the claims or defenses in

26  this matter nor proportional to the needs of the case.  This request is overbroad and unduly

27  burdensome as to scope, as it seeks all email communications between Plaintiff and Hema

28  Krishnamurthy, the majority of which are irrelevant to the instant lawsuit.  This request is also

10

Case No. 22-cv-07270-WHO

DEFENDANT SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA'S
SUPPLEMENTAL RESPONSES TO PLAINTIFF'S RFP OF DOCUMENTS (SET TWO)

1   overbroad as to time.  This request seeks information that is protected by the constitutional,

2   statutory, or common law rights to privacy of third parties, including but not limited to Article I,

3   Section I of the California Constitution.  This request seeks information that could be protected by

4   the attorney-client privilege and/or attorney work product doctrine.

5           Subject to and without waiving the foregoing objections, Defendant responds as follows:

6           Defendant will produce email communications located following a diligent search and

7   reasonable inquiry which are between Plaintiff and Hema Gopal (previously Hema

8   Krishnamurthy) from January 1, 2021 through May 13, 2022, and which discuss Plaintiff's job

9   performance, complaints against Plaintiff, Hema Gopal's resignation, and/or the independent

10  investigations related to Plaintiff.

11  **REQUEST FOR PRODUCTION NO. 83:**

12          Please produce all Sonoma County Superior Court IT Director Job Postings from October

13  2017 through April 2022.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

15          Objection.  This request seeks information that is not relevant to the claims or defenses in

16  this matter nor proportional to the needs of the case.  This request is overbroad as to time.

17  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

18          Objection.  This request seeks information that is not relevant to the claims or defenses in

19  this matter nor proportional to the needs of the case.  This request is overbroad as to time.

20          Subject to and without waiving the foregoing objections, Defendant responds as follows:

21          Defendant will produce all responsive, non-privileged documents located following a

22  diligent search and reasonable inquiry.

23  **REQUEST FOR PRODUCTION NO. 84:**

24          Please produce all of Kwesi Williams' notes and/or email communications regarding any

25  of his investigation interviews in 2021 and 2022.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

27          Objection.  This request is vague and ambiguous as to "his investigation interviews."  This

28  request seeks information protected by the attorney-client privilege and/or attorney work product

1   doctrine.

2   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

3       Objection.  This request is vague and ambiguous as to "his investigation interviews."  This

4   request seeks information protected by the attorney-client privilege and/or attorney work product

5   doctrine.

6       Subject to and without waiving the foregoing objections, Defendant responds as follows:

7       Defendant will produce any responsive, non-privileged documents located following a

8   diligent search and reasonable inquiry which reflect Kwesi Williams' notes or communications

9   discussing the interviews he participated in as part of the independent investigations related to

10  Plaintiff.

11  **REQUEST FOR PRODUCTION NO. 85:**

12      Please produce all of Kwesi Williams' notes, email communications, and/or meeting

13  agendas regarding the meeting, in or around November 2021, with plaintiff, Judge Averill, Judge

14  DeMeo, Mr. Williams, Hema Krishnamurthy, and Susanna Groshong, where the Directors

15  discussed Margaret Smith, and Mr. Williams reported issues regarding race to Judge DeMeo and

16  Judge Averill.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

18      Objection.  This request is vague and ambiguous as to "the meeting, in or around

19  November 2021."  This request seeks information that may be protected by the attorney-client

20  privilege and/or attorney work product doctrine.

21  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

22      Objection.  This request is vague and ambiguous as to "the meeting, in or around

23  November 2021."  This request seeks information that may be protected by the attorney-client

24  privilege and/or attorney work product doctrine.

25      Subject to and without waiving the foregoing objections, Defendant responds as follows:

26      Defendant will produce any responsive, non-privileged documents located following a

27  diligent search and reasonable inquiry which reflect Kwesi Williams' notes of or communications

28  discussing the November 19, 2021 meeting between Plaintiff, Judge Shelly Averill, Judge

Case No. 22-cv-07270-WHO

1   Bradford DeMeo, Susannah Groshong, Hema Gopal, and Kwesi Williams.

2   **REQUEST FOR PRODUCTION NO. 86:**

3       Please produce all notes from any of the attendees of the November 2021 meeting

4   referenced in Document Request No. 85.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

6       Objection.  This request is vague and ambiguous as to the phrase "the November 2021

7   meeting referenced in Document Request No. 85."

8   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

9       Objection.  This request is vague and ambiguous as to the phrase "the November 2021

10  meeting referenced in Document Request No. 85."

11      Subject to and without waiving the foregoing objections, Defendant responds as follows:

12      Defendant will produce any responsive documents located following a diligent search and

13  reasonable inquiry which reflect notes created by Kwesi Williams, Judge Shelly Averill, Judge

14  Bradford DeMeo, Hema Gopal, or Susannah Groshong of the November 19, 2021 meeting they

15  attended.

16  **REQUEST FOR PRODUCTION NO. 87:**

17      Please produce the Executive Committee and Judicial Officer Meeting Minutes and

18  agendas for all Executive Committee meetings from January 1, 2020 through April 30, 2022.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

20      Objection.  This request seeks information that is not relevant to the claims or defenses in

21  this matter nor proportional to the needs of the case.  This request is overbroad as to scope, as it

22  seeks minutes and agendas for all Executive Committee meetings.  This request seeks information

23  that may be protected by the attorney-client privilege and/or attorney work product doctrine.

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

25      Objection.  This request seeks information that is not relevant to the claims or defenses in

26  this matter nor proportional to the needs of the case.  This request is overbroad as to scope, as it

27  seeks minutes and agendas for all Executive Committee meetings.  This request seeks information

28  that may be protected by the attorney-client privilege and/or attorney work product doctrine.

1    Subject to and without waiving the foregoing objections, Defendant responds as follows:

2    Defendant will produce the Executive Committee and Judicial Officer Meeting Minutes

3    and agendas for all Executive Committee meetings from January 1, 2020 through April 30, 2022

4    which reflect discussion of Plaintiff's performance, complaints against Plaintiff, or the

5    independent investigations related to Plaintiff.

6    **REQUEST FOR PRODUCTION NO. 88:**

7    Please produce all email communications between plaintiff and Doug Freidfeld, from

8    April 1, 2021 through April 30, 2022.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

10    Objection.  This request is vague and ambiguous as to the name "Doug Freidfeld."  This

11    request seeks information protected by the attorney-client privilege and/or attorney work product

12    doctrine.  This request is overbroad as to scope, as it seeks all communications between Plaintiff

13    and Doug Freifeld, the majority of which are irrelevant to the instant lawsuit.

14    Dated:  January 29, 2024                QUARLES & BRADY LLP

15

16    By:  _____

17    CORRIE J. KLEKOWSKI
       Attorneys for Defendants SUPERIOR COURT OF

18    THE STATE OF CALIFORNIA, COUNTY OF
       SONOMA and SHELLY AVERILL

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

**Arlene D. Junior v. Superior Court of the State of California, County of Sonoma, et al.
Case No. 3:22-cv-07270-WHO**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Diego, State of California.  My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

On January 29, 2024, I served true copies of the following document(s) described as **DEFENDANT SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET TWO)** on the interested parties in this action as follows:

Daniel M. Siegel
Sara Beladi
**SIEGEL, YEE, BRUNNER & MEHTA**
475 14th Street, Suite 500
Oakland, CA 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
E-Mail: dansiegel@siegelyee.com;
        sbeladi@protonmail.com
        lizjohnson.siegelyee@gmail.com

*Attorneys for Plaintiff*
ARLENE D. JUNIOR

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address mark.rachel@quarles.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 29, 2024, at San Diego, California.

_____
Mark C. Rachel

DEFENDANT SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA'S
SUPPLEMENTAL RESPONSES TO PLAINTIFF'S RFP OF DOCUMENTS (SET TWO)

# EXHIBIT C

1  CORRIE J. KLEKOWSKI (SBN 251338)
   corrie.klekowski@quarles.com
2  **QUARLES & BRADY LLP**
   101 West Broadway, Ninth Floor
3  San Diego, California 92101-8285
   Telephone: 619-237-5200
4  Facsimile: 619-615-0700

5  Attorneys for Defendants SUPERIOR COURT
   OF THE STATE OF CALIFORNIA, COUNTY
6  OF SONOMA and SHELLY AVERILL

7

8              **UNITED STATES DISTRICT COURT**

9     **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

10

11  ARLENE D. JUNIOR,                    Case No. 22-cv-07270-WHO

12            Plaintiff,                 **DEFENDANT SUPERIOR COURT OF
                                         THE STATE OF CALIFORNIA, COUNTY
13       v.                              OF SONOMA'S RESPONSES TO
                                         PLAINTIFF'S REQUEST FOR
14  SUPERIOR COURT OF THE STATE OF       PRODUCTION OF DOCUMENTS (SET
    CALIFORNIA, COUNTY OF SONOMA,        TWO)
15  and SHELLY AVERILL,
                                         Judge:      Hon. William H. Orrick
16            Defendants.                Trial Date: Not Set

17

18  PROPOUNDING PARTY:      Plaintiff ARLENE JUNIOR

19  RESPONDING PARTY:       Defendant SUPERIOR COURT OF THE STATE OF

20                          CALIFORNIA, COUNTY OF SONOMA

21  SET NUMBER:             Two

22        Pursuant to Federal Rule of Civil Procedure 34 Defendant SUPERIOR COURT OF THE

23  STATE OF CALIFORNIA, COUNTY OF SONOMA provides the following written responses to

24  Plaintiff ARLENE JUNIOR's request for production of documents:

25  / / /

26  / / /

27  / / /

28  / / /

Case No. 22-cv-07270-WHO

DEFENDANT SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA'S RESPONSES
TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET TWO)

**PRELIMINARY STATEMENT**

1.      Nothing herein should be construed as an admission regarding the admissibility, truth, accuracy or relevancy of any document.

2.      Defendant and its attorneys have not completed their discovery or preparation for trial, nor have they concluded their analysis of information gathered to date.  These responses therefore are based upon information presently available to and known by Defendant.

3.      It is possible that future discovery and independent investigation may supply additional facts or information, add meaning to known facts and may establish new factual conclusions and contentions, all of which may lead to additions, changes in, or variations from the responses set forth herein.

4.      These responses are made without prejudice to the right of Defendant to provide supplemental, additional or different responses or evidence at the time of trial.

5.      These responses include only those documents currently within Defendant's possession, custody or control.

6.      Defendant objects to all of Plaintiff's request for production of documents to the extent they call for attorney-client communications and/or attorney work product.  The inclusion of this objection in a specific response does not waive it in those responses in which it is not specifically included because this objection is incorporated into each and every response to Plaintiff's request for production of documents.

Subject to the foregoing general comments and objections, which are incorporated into each response to Plaintiff's request for production of documents, Defendant provides the following responses:

**RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 66:**

Please produce all email communications between plaintiff and Judge Bradford DeMeo, from January 1, 2021 through December 31, 2021.

/ / /

/ / /

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

2        Objection.  This request seeks information that is not relevant to the claims or defenses in

3  this matter.  This request is also overbroad and unduly burdensome as to scope, as it seeks all

4  communications between Plaintiff and Judge Bradford DeMeo, the majority of which are

5  irrelevant to the instant lawsuit.  This request seeks information that is protected by the

6  constitutional, statutory, or common law rights to privacy of third parties, including but not limited

7  to Article I, Section I of the California Constitution.  This request is duplicative of other requests

8  propounded.

9  **REQUEST FOR PRODUCTION NO. 67:**

10        Please produce all documentation from Jennifer Campbell's Sonoma County Superior

11  Court personnel file regarding her demotion by plaintiff, from Court Supervisor to Courtroom

12  Clerk, including, but not limited to, the status form reflecting the change in status and the

13  memorandum written by plaintiff.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

15        Objection.  This request seeks information that is not relevant to the claims or defenses in

16  this matter and not proportional to the needs of the case.  This request seeks information that is

17  protected by the constitutional, statutory, or common law rights to privacy of third parties,

18  including but not limited to Article I, Section I of the California Constitution.  This request is

19  vague and ambiguous as to the phrase "the memorandum written by plaintiff."

20  **REQUEST FOR PRODUCTION NO. 68:**

21        Please produce all email communications between plaintiff and Jennifer Campbell

22  regarding her demotion from Court Supervisor to Courtroom Clerk.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

24        Objection.  This request seeks information that is not relevant to the claims or defenses in

25  this matter and not proportional to the needs of the case.  This request seeks information that is

26  protected by the constitutional, statutory, or common law rights to privacy of third parties,

27  including but not limited to Article I, Section I of the California Constitution.  This request is

28  vague and ambiguous as to the phrase "regarding her demotion."

1  **REQUEST FOR PRODUCTION NO. 69**:

2      Please produce all email communications between plaintiff and Jennifer Campbell

3  regarding her promotion, by plaintiff, from Courtroom Clerk to Court Supervisor.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69**:

5      Objection.  This request seeks information that is not relevant to the claims or defenses in

6  this matter and is not proportional to the needs of the case.  This request seeks information that is

7  protected by the constitutional, statutory, or common law rights to privacy of third parties,

8  including but not limited to Article I, Section I of the California Constitution.  This request is

9  vague and ambiguous as to the phrase "regarding her promotion."

10 **REQUEST FOR PRODUCTION NO. 70**:

11     Please produce all of defendant Shelly Averill's notes from conversations and/or meetings

12 that she had, while serving as the Family Law Supervising Judge, regarding complaints about

13 Jennifer Campbell's treatment of the Court Clerks in the Family Law Clerk's Office.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 70**:

15     Objection.  This request seeks information that is not relevant to the claims or defenses in

16 this matter.  This request seeks information that is protected by the constitutional, statutory, or

17 common law rights to privacy of third parties, including but not limited to Article I, Section I of

18 the California Constitution.  This request seeks information that may be protected by the attorney-

19 client privilege and/or attorney work product doctrine.

20 **REQUEST FOR PRODUCTION NO. 71**:

21     Please produce all of Linda Walker's notes regarding requests from plaintiff regarding

22 Brett O'Rourke's job description, duties and responsibilities.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 71**:

24     Objection.  This request seeks information that is not relevant to the claims or defenses in

25 this matter nor proportional to the needs of the case.  This request is overbroad in that it is not

26 limited in time.  This request is vague and ambiguous as to "notes," "requests," and "regarding

27 Brett O'Rourke's job description, duties and responsibilities."

28

Case No. 22-cv-07270-WHO
DEFENDANT SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA'S RESPONSES
TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET TWO)

**REQUEST FOR PRODUCTION NO. 72:**

Please produce all email communications between plaintiff and Linda Walker regarding Brett O'Rourke's job description, job duties and responsibilities, job performance and/or any complaints regarding his job performance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Objection. This request seeks information that is not relevant to the claims or defenses in this matter. This request is overbroad in that it is not limited in time. This request is vague and ambiguous as to "notes" and "regarding Brett O'Rourke's job description, duties and responsibilities, job performance and/or any complaints regarding his job performance." This request seeks information that is protected by the constitutional, statutory, or common law rights to privacy of third parties, including but not limited to Article I, Section I of the California Constitution.

**REQUEST FOR PRODUCTION NO. 73:**

Please produce all email communications between plaintiff and Brett O'Rourke regarding the use of surveillance cameras in the Family Law clerk's office and courtrooms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Objection. This request seeks information that is not relevant to the claims or defenses in this matter nor proportional to the needs of the case. This request is overbroad in that it is not limited in time. This request is vague and ambiguous as to the phrase "the use of surveillance cameras."

**REQUEST FOR PRODUCTION NO. 74:**

Please produce all email communications between plaintiff and Brett O'Rourke regarding the rodent and rat infestation at the Empire College Annex, Civil Departments 16 and 17.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Objection. This request seeks information that is not relevant to the claims or defenses in this matter nor proportional to the needs of the case. This request is intended to harass. The request is vague as to time.

1  **REQUEST FOR PRODUCTION NO. 75:**

2      Please produce all email communications between plaintiff and Judge Pat Broderick

3  regarding the rodent and rat infestation at the Empire College Annex, Civil Departments 16 and

4  17.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

6      Objection.  This request seeks information that is not relevant to the claims or defenses in

7  this matter nor proportional to the needs of the case.  This request is intended to harass.  The

8  request is vague as to time.

9  **REQUEST FOR PRODUCTION NO. 76:**

10      Please produce all email communications between plaintiff and all court staff, including

11  judges and commissioners, regarding the rodent and rat infestation at the Empire College Annex,

12  Civil Departments 16 and 17.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

14      Objection.  This request seeks information that is not relevant to the claims or defenses in

15  this matter nor proportional to the needs of the case.  This request is intended to harass.  The

16  request is vague as to time.

17  **REQUEST FOR PRODUCTION NO. 77:**

18      Please produce all email communications between plaintiff and Leti Valencia from January

19  1, 2021 through December 31, 2021.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

21      Objection.  This request seeks information that is not relevant to the claims or defenses in

22  this matter nor proportional to the needs of the case.  This request is also overbroad and unduly

23  burdensome as to scope and time.  This request seeks information that is protected by the

24  constitutional, statutory, or common law rights to privacy of third parties, including but not limited

25  to Article I, Section I of the California Constitution.  This request may also seek information

26  protected by the attorney-client privilege and/or attorney work product doctrine.

27  / / /

28  / / /

1  **REQUEST FOR PRODUCTION NO. 78**:

2      Please produce all email communications between plaintiff and Leti Valencia and/or Hema

3  Krishnamurthy related to the handling of the complaint that the District Attorney filed against

4  PG&E on or around April 7, 2021.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 78**:

6      Objection.  This request seeks information that is not relevant to the claims or defenses in

7  this matter nor proportional to the needs of the case.  This request is intended to harass.  This

8  request is vague and ambiguous as to the phrases "complaint" and "the handling of the complaint."

9  This request is vague and ambiguous in that it is unclear whether it seeks communications

10  between Leti Valencia and Hema Krishnamurthy.  This request seeks that could be protected by

11  the attorney-client privilege and/or attorney work product doctrine.

12  **REQUEST FOR PRODUCTION NO. 79**:

13      Please produce all email communications between plaintiff and Margaret Smith regarding

14  the handling of the complaint that the District Attorney filed against PG&E on or around April 7,

15  2021.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 79**:

17      Objection.  This request seeks information that is not relevant to the claims or defenses in

18  this matter nor proportional to the needs of the case.  This request is intended to harass.  This

19  request is vague and ambiguous as to the phrases "complaint" and "the handling of the complaint."

20  This request seeks information that could be protected by the attorney-client privilege and/or

21  attorney work product doctrine.

22  **REQUEST FOR PRODUCTION NO. 80**:

23      Please produce all email communications between plaintiff and Julie Wilcox, from January

24  1, 2021 through May 30, 2022.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 80**:

26      Objection.  This request seeks information that is not relevant to the claims or defenses in

27  this matter nor proportional to the needs of the case.  This request is also overbroad and unduly

28  burdensome as to scope and time.  This request seeks information that is protected by the

constitutional, statutory, or common law rights to privacy of third parties, including but not limited to Article I, Section I of the California Constitution. This request seeks information that could be protected by the attorney-client privilege and/or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 81:**

Please produce all disciplinary documents in Julie Wilcox' personnel file, issued by former Chief Executive Officer Jose Guillen, including but not limited to those issued for dishonesty and eavesdropping.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Objection.  This request seeks information that is not relevant to the claims or defenses in this matter nor proportional to the needs of the case.  This request seeks information that is protected by the constitutional, statutory, or common law rights to privacy of third parties, including but not limited to Article I, Section I of the California Constitution.  This request is overbroad in that it is not limited in time or scope.

**REQUEST FOR PRODUCTION NO. 82:**

Please produce all email communications between plaintiff and Hema Krishnamurthy, from October 15, 2017 through March 30, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Objection.  This request seeks information that is not relevant to the claims or defenses in this matter nor proportional to the needs of the case.  This request is overbroad and unduly burdensome as to scope, as it seeks all email communications between Plaintiff and Hema Krishnamurthy, the majority of which are irrelevant to the instant lawsuit.  This request is also overbroad as to time.  This request seeks information that is protected by the constitutional, statutory, or common law rights to privacy of third parties, including but not limited to Article I, Section I of the California Constitution.  This request seeks information that could be protected by the attorney-client privilege and/or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 83:**

Please produce all Sonoma County Superior Court IT Director Job Postings from October 2017 through April 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Objection.  This request seeks information that is not relevant to the claims or defenses in this matter nor proportional to the needs of the case.  This request is overbroad as to time.

**REQUEST FOR PRODUCTION NO. 84:**

Please produce all of Kwesi Williams' notes and/or email communications regarding any of his investigation interviews in 2021 and 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Objection.  This request is vague and ambiguous as to "his investigation interviews."  This request seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 85:**

Please produce all of Kwesi Williams' notes, email communications, and/or meeting agendas regarding the meeting, in or around November 2021, with plaintiff, Judge Averill, Judge DeMeo, Mr. Williams, Hema Krishnamurthy, and Susanna Groshong, where the Directors discussed Margaret Smith, and Mr. Williams reported issues regarding race to Judge DeMeo and Judge Averill.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Objection.  This request is vague and ambiguous as to "the meeting, in or around November 2021."  This request seeks information that may be protected by the attorney-client privilege and/or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 86:**

Please produce all notes from any of the attendees of the November 2021 meeting referenced in Document Request No. 85.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Objection.  This request is vague and ambiguous as to the phrase "the November 2021 meeting referenced in Document Request No. 85."

/ / /

/ / /

Case No. 22-cv-07270-WHO

DEFENDANT SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA'S RESPONSES
TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET TWO)

1  **REQUEST FOR PRODUCTION NO. 87:**

2  Please produce the Executive Committee and Judicial Officer Meeting Minutes and

3  agendas for all Executive Committee meetings from January 1, 2020 through April 30, 2022.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

5  Objection.  This request seeks information that is not relevant to the claims or defenses in

6  this matter nor proportional to the needs of the case.  This request is overbroad as to scope, as it

7  seeks minutes and agendas for all Executive Committee meetings.  This request seeks information

8  that may be protected by the attorney-client privilege and/or attorney work product doctrine.

9  **REQUEST FOR PRODUCTION NO. 88:**

10  Please produce all email communications between plaintiff and Doug Freidfeld, from

11  April 1, 2021 through April 30, 2022.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

13  Objection.  This request is vague and ambiguous as to the name "Doug Freidfeld."  This

14  request seeks information protected by the attorney-client privilege and/or attorney work product

15  doctrine.  This request is overbroad as to scope, as it seeks all communications between Plaintiff

16  and Doug Freifeld, the majority of which are irrelevant to the instant lawsuit.

17

18  Dated:  January 16, 2024                QUARLES & BRADY LLP

19

20                                                    By: _____

21                                                          CORRIE J. KLEKOWSKI
                                                          Attorneys for Defendants SUPERIOR COURT OF
22                                                          THE STATE OF CALIFORNIA, COUNTY OF
                                                          SONOMA and SHELLY AVERILL

23

24

25

26

27

28

DEFENDANT SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA'S RESPONSES
TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET TWO)